IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-41,168-11






EX PARTE CHARLES DEAN HOOD









ON APPLICATION FOR WRIT OF HABEAS CORPUS

 IN CAUSE NO. W296-80233-90 IN THE 

366TH DISTRICT COURT (1) OF COLLIN COUNTY




 Per Curiam; Price, J., not participating.


ORDER



 We have before us a subsequent application for writ of habeas corpus filed pursuant
to Article 11.071 § 5. The basis for this filing is applicant's assertion that he was denied a
fair trial because of a romantic relationship between the trial judge and the prosecutor.

 Applicant was convicted of the capital murder of Ronald Williamson and Tracie Lynn
Wallace. The jury answered the special issues in such a manner that a sentence of death was
imposed on September 7, 1990. This Court affirmed the conviction and sentence on direct
appeal. Hood v. State, No. AP-71,167 (Tex. Crim. App. Nov. 24, 1993)(not designated for
publication). Applicant's initial application for writ of habeas corpus was denied. Ex parte
Hood, No. WR-41,168-01 (Tex. Crim. App. April 21, 1999)(not designated for publication). 
Applicant filed a subsequent application in the trial court on May 24, 2004. The subsequent
application was dismissed. Ex parte Hood, No. WR-41,168-02 (Tex. Crim. App. April 13,
2005)(not designated for publication). Applicant filed a second subsequent application on
June 22, 2005. We remanded to the convicting court for resolution of the claim. When the
case was returned to this Court, we held that applicant, in fact, had not met the requirements
of Article 11.071, § 5, for consideration of subsequent claims and dismissed his application. 
Ex parte Hood, 211 S.W.3d 767 (Tex. Crim. App. 2007). 

 On June 12, 2008, applicant filed another subsequent application for writ of habeas
corpus and an original application for writ of habeas corpus. In the applications, applicant
asserted that he was denied a fair trial because of an alleged romantic relationship between
the trial judge and the prosecutor that applicant claimed was "common knowledge" at the
time of trial. We dismissed the Article 11.071 application and denied leave to file the
original application. Ex parte Hood, Nos. WR-41,168-04 & WR-41,168-05 (Tex. Crim.
App. June 16, 2008)(not designated for publication). On June 17, 2008, we denied a second
original application for writ of habeas corpus. Ex parte Hood, No. WR-41,168-06 (Tex.
Crim. App. June 17, 2008)(not designated for publication). On August 20, 2008, the clerk
of the 296th District Court forwarded a subsequent writ application to this Court as required
by Article 11.071, § 5(b). This Court dismissed the application. Ex parte Hood, No. WR-41,168-09 (Tex. Crim. App. Sept. 5, 2008)(not designated for publication). 

 On September 8, 2008, we received another subsequent writ as well as other motions
in the case. In an order issued on September 9, 2008, this Court denied a motion to recuse
and dismissed the subsequent application. We also determined that, because of
developments in the law regarding nullification instructions, it would be prudent to
reconsider the decision we issued in dismissing applicant's second subsequent writ
application. See Ex parte Hood, 211 S.W.3d 767 (Tex. Crim. App. 2007). Accordingly, we
granted his motion to stay his execution so that we could accomplish that task. 

 In the meantime, the 366th Judicial District Court ordered Judge Verla Sue Holland
and former District Attorney Tom O'Connell to give depositions pursuant to Texas Rule of
Civil Procedure 202 (petition to take pre-suit investigatory depositions). In the depositions,
both parties admitted that they had been intimately involved at one point in time. Although
both parties stated that the affair had ended by the time of applicant's trial, the dates cited in
the prosecutor's deposition seem to contradict this assertion. 

 Applicant now asserts that the new facts gleaned from the depositions satisfy the
requirements of Article 11.071, § 5, and either this Court or the convicting court should be
allowed to review the merits of his claim that the affair constitutionally disqualified the trial
judge from sitting on applicant's case and deprived applicant of his right to a fair and
impartial tribunal. We agree that the discovery of new facts may result in a ruling that the
dictates of Article 11.071, § 5, have been met and may be followed by a remand to the trial
court for a review of the merits of the claim.

 However, before we determine whether the dictates of Article 11.071, § 5, have been
met here, we order the trial court to first resolve another issue. Throughout the litigation in
this case, applicant has claimed that the affair between the trial judge and the prosecutor was
"common knowledge." Even applicant's trial counsel were aware of this "common
knowledge." But applicant did not try to obtain proof of the affair until some eighteen years
after his trial. He also asserts that he had to go to extraordinary measures to obtain the proof
he now has. However, the method by which applicant obtained the evidence supporting his
claim, Texas Rule of Civil Procedure 202, which provides for depositions before suit or to
investigate claims, became effective January 1, 1999. Yet applicant did not utilize this tool
until after he was given an execution date. Further, he has filed other applications raising the
claim since the date that tool became available. 

 Accordingly, the trial court shall collect or adduce any evidence it deems necessary
to make a recommendation on whether the doctrine of laches bars the consideration of
applicant's claim. While the State has the burden on the issue, both parties should be
allowed to be heard on the matter. The court shall also collect or adduce any evidence it
deems necessary to make a recommendation on whether applicant meets the dictates of
Article 11.071, § 5. The trial court's recommendations and the record of any proceedings
conducted shall be returned to this Court within sixty (60) days of the date of this order.

 IT IS SO ORDERED THIS THE 19TH DAY OF NOVEMBER, 2008.

Do Not Publish
1. This case has been in the 296th Judicial District Court. However, on September 26, 2008, the
administrative judge of the district transferred the case to the 366th Judicial District Court.